**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 06-20131-01-KHV |
| | ) | |
| MAURICE HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On September 14, 2006, a grand jury indicted defendant for possession with intent to distribute 50 grams or more of cocaine base (crack) and using a residence for the purpose of manufacturing, storing and distributing cocaine base (crack). See Indictment (Doc. #1). This matter is before the Court on Maurice Harris's Motion To Suppress (Doc. #38) filed September 17, 2008. For reasons stated below, the Court overrules defendant's motion.[1]

**Factual Background**

On May 11, 2006, pursuant to a search warrant issued by the Honorable John J. McNally of the District Court of Wyandotte County, Kansas, officers from the Police Department of Kansas City,

---

[1] To determine whether defendant disputed the facts set forth in the government's response brief, the Court ordered that defendant file any reply brief by October 22, 2008. See Order (Doc. #43) filed October 15, 2008. Defendant did not do so. Except to the extent that defendant's motion disputes the government's facts, the Court accepts as uncontested the facts set forth in the Government's Response To Defendant's Motion To Suppress (Doc. #42) filed October 6, 2008.

Defendant has not requested an evidentiary hearing, and the Court finds that one is not necessary to decide defendant's motion. The Court has discretion whether to grant an evidentiary hearing on a motion to suppress. See United States v. Serrano, 209 Fed. Appx. 796, 799 (10th Cir. 2006). An evidentiary hearing is required only when a defendant meets his "burden of showing that there are disputed issues of material fact." Id. (quoting United States v. Chavez-Marquez, 66 F.3d 259, 261 (10th Cir. 1995)).

Kansas searched defendant's residence. In the residence, officers found defendant, who was wearing latex gloves, standing near crack cocaine, digital scales and packaging materials. Officers also discovered additional crack cocaine, additional digital scales, several boxes of latex gloves, several boxes of sandwich baggies and a locked safe which they opened with a key which defendant provided. Defendant admitted that all narcotics at the residence belonged to him and that he purchased 280 to 560 grams of crack cocaine per day. The affidavit for the search warrant stated as follows:

> That the Kansas City Kansas Police Department has received complaints concerning illegal drug trafficking at the residence of 2726 Lathrop Kansas City, Wyandotte County, Kansas. The SEU has documented six incidents since July 2003. The last complaint received was on or about 03/30/2006. A search of Wyandotte County records, shows that the residence is owned by Maurice HARRIS (b/m DOB 10/27/1940). HARRIS has been contacted in the past at this residence and in July 2003, HARRIS was arrested after officers recovered handguns and over 50 grams of cocaine base. HARRIS was charged in Wyandotte County District Court as a result of this incident. That case was later dismissed. HARRIS has also been convicted of Murder II and was released from Prison on or about 06/10/1992.
>
> That the Kansas City Kansas Police Department has a confidential informant (hereinafter referred to as "CI" or "CI #710") who has assisted the Narcotics Unit in the investigation of narcotics trafficking. This CI has supplied information to the unit, which has proven to be reliable and independently corroborated. This CI has also assisted in making "controlled" drug purchases from various locations in Kansas City, Kansas that has led to the issuance of numerous search warrants, seizures of drugs, and arrest of suspects. This CI presently assists the Narcotics Unit for monetary reward. This CI has never, to the best of my knowledge, provided information to the Unit that has proven to be false, and I have no reason to disbelieve the information given by the CI in regards to this investigation.
>
> In order to corroborate this complaint, CI was utilized to make three controlled purchases of Cocaine, the latest purchase occurring within the last 48 hours of this affidavit. In these "controlled" purchases, the CI was thoroughly searched for money, weapons, and contraband prior to attempting the purchases. The CI was supplied with official city funds, which had been photocopied. The CI was driven to the address of 2726 Lathrop by an undercover officer who waited in the car while the CI went to the house. The CI was continuously surveilled by officers of the Narcotics Unit who watched the CI go and return from the house. Upon completion of the "buys" the CI returned to the undercover officer's vehicle and they left the area. The CI was then searched again for money, weapons, and contraband. In all searches, the CI had no

money, weapons, or contraband other than the substance that the CI returned with from the residence, which was given to one of the undercover officers. In each of these purchases, the undercover officer performed a preliminary field test on a sample of the purchased substance and in each case, he/she obtained a positive reaction to the presence of Cocaine.

Affidavit In Search Of Search Warrant at 1-2, attached as Exhibit B to Motion To Suppress (Doc. #38).

Defendant argues that the search warrant affidavit was based on stale information, that the search warrant was not supported by probable cause and that officers did not provide him a copy of the warrant as required by Kansas law.[2]

## **Analysis**

**I.   Staleness**

Defendant argues that the search warrant affidavit was partly based on stale information including that (1) in July of 2003, officers arrested defendant after they discovered handguns and more than 50 grams of cocaine base at his house; (2) police received complaints about illegal drug trafficking at defendant's residence (six documented incidents since July of 2003) with the last complaint received March 30, 2006; and (3) defendant was convicted of second degree murder and released from prison in June of 1992.

Probable cause to search cannot be based on stale information which no longer suggests that

---

[2] Defendant notes that the search warrant was not filed until December 1, 2006, nearly seven months after officers executed it and two months after a grand jury indicted defendant. Defendant does not explain the legal significance of this fact. Under both federal and Kansas law, absent an affirmative showing of prejudice, the failure of officers to strictly comply with the technical requirements for the return and filing of a warrant does not require suppression of evidence. See United States v. Smith, 463 F.2d 710, 711 (10th Cir. 1972); K.S.A. § 22-2511 (no search warrant shall be quashed or evidence suppressed because of technical irregularities not affecting substantial rights of accused); see also State v. Forsyth, 2 Kan. App.2d 44, 47, 574 P.2d 241, 243 (1978) (failure to give defendant copy of receipt for items seized technical irregularity under K.S.A. § 22-2511; suppression not required unless defendant demonstrates prejudice from procedural violation); K.S.A. § 22-2512a(1) (officer seizing property shall file copy of receipt with magistrate; no deadline specified).

the item sought will be found at the place to be searched. United States v. Shomo, 786 F.2d 981, 984 (10th Cir. 1986). Although the timeliness of information contained in an affidavit is an important variable, probable cause is not determined simply by counting the number of days between the facts relied on and the issuance of the warrant. Id. Whether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity and the nature of the property to be seized. Id. Thus, where the property sought is likely to remain in one place for a long time, probable cause may be found despite substantial delay between the occurrence of the event relied on and the issuance of the warrant. Id. By the same token, where the affidavit recites facts indicating ongoing, continuous criminal activity, the passage of time becomes less critical. Id.; see United States v. Jardine, 364 F.3d 1200, 1205 (10th Cir. 2004), vacated on other grounds, 543 U.S. 1102 (2005). Otherwise stale information may be refreshed by more recent events. See United States v. Cantu, 405 F.3d 1173, 1178 (10th Cir. 2005); Jardine, 364 F.3d at 1205.

Here, the historical information related to defendant's criminal history and prior complaints of drug trafficking probably was "stale," but the relatively recent complaint of drug trafficking (six weeks before the search) combined with three controlled purchases of cocaine from defendant's residence (one within 48 hours of the affidavit) adequately refreshed the historical information. See Cantu, 405 F.3d at 1178 (assuming defendant's prior arrests and conviction had grown stale for purposes of demonstrating probable cause, more recent events amply refreshed those particular episodes). The Court therefore overrules defendant's motion to suppress based on the staleness of the information in the affidavit.

**II.     Probable Cause For Warrant**

Defendant argues that the valid information in the affidavit for search warrant did not support

a finding of probable cause. Because the search of defendant's residence was pursuant to a warrant, defendant has the burden to show that the officers did not establish probable cause for the warrant. See United States v. Carhee, 27 F.3d 1493, 1496 (10th Cir. 1994).

The Fourth Amendment Warrant Clause provides that "no warrants shall issue but upon probable cause, supported by Oath or affirmation." Franks v. Delaware, 438 U.S. 154, 164 (1978). A warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter. Id. at 165. In making a probable cause determination, the Court "is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [it], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). A reviewing court owes great deference to a court's finding of the existence of probable cause to issue a warrant. See United States v. Le, 173 F.3d 1258, 1265 (10th Cir. 1999). The Court need only ask whether, under the totality of the circumstances presented in the affidavit, the judge had a "substantial basis" for determining that probable cause existed. United States v. Tuter, 240 F.3d 1292, 1295 (10th Cir.), cert. denied, 534 U.S. 886 (2001).

The search warrant was primarily based on three controlled buys – the last one being within 48 hours of the affidavit. In addition, the affidavit referred to complaints of drug trafficking at defendant's residence and other background historical facts which implicated defendant in criminal activity. Together, these facts established probable cause for the issuance of the warrant for defendant's residence. See United States v. Liapis, 216 Fed. Appx. 776, 780 (10th Cir. 2007) (probable cause supported by defendant's criminal history, single controlled buy, surveillance of defendant's residence

that revealed persons arriving for short periods of time and complaints from citizens regarding potential drug activities at defendant's residence); United States v. Artez, 389 F.3d 1106, 1109-10 (10th Cir. 2004) (probable cause supported by verifying defendant's residence, determining that defendant had criminal record, obtaining similar information from anonymous informant, executing two controlled purchases utilizing CI and unwitting informant and conducting brief surveillance of residence that revealed persons arriving and staying for short periods of time). The Court therefore overrules defendant's motion on this ground.

### III. Service Of Warrant

Defendant argues that officers did not give him a copy of the warrant as required by Kansas law. If a search warrant is executed, "the duplicate copy shall be left with any person from whom any things are seized or if no person is available the copy shall be left at the place from which the things were seized." K.S.A. § 22-2506. Officers arrested defendant and several other individuals at the scene and transported them to the Wyandotte County Detention Center. Officers left a copy of the search warrant at the residence.[3] See Government's Response To Defendant's Motion To Suppress (Doc. #42) filed October 6, 2008 at 2, 4, 13. Even if officers did not leave a copy of the warrant at the residence, defendant has not shown prejudice from any such technical violation. See K.S.A. § 22-2511 (no search warrant shall be quashed or evidence suppressed because of technical irregularities not affecting substantial rights of accused); State v. Forsyth, 2 Kan. App.2d 44, 47, 574 P.2d 241, 243 (1978) (failure

---

[3] Defendant has not filed a reply which attempts to dispute police reports which indicate that officers left a copy of the warrant at the residence before leaving. Because defendant has not met his burden to show a disputed issue of material fact on this issue, the Court need not conduct an evidentiary hearing. See Serrano, 209 Fed. Appx. at 799. To ensure that the record is complete on this point, even though the issue is not currently disputed, the Court orders the government to file the police reports which indicate that officers left a copy of the warrant at defendant's residence.

to give copy of receipt to defendant for items seized is technical irregularity under K.S.A. § 22-2511; suppression not required unless defendant demonstrates prejudice from procedural violation). Accordingly, the Court overrules defendant's motion on this issue.

**IV.     Good Faith Exception**

In the alternative, the Court finds that the search of defendant's residence can be upheld under the good faith exception of United States v. Leon, 468 U.S. 897 (1984). When police officers act in good faith and reasonable reliance on a search warrant, the evidence obtained during the search should not be suppressed even if the warrant was lacking in probable cause. United States v. Price, 265 F.3d 1097, 1102 (10th Cir. 2001), cert. denied, 535 U.S. 1099 (2002); see Leon, 468 U.S. at 913. The good faith inquiry is limited to the "objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Leon, 468 U.S. at 922 n.23; see United States v. McKneely, 6 F.3d 1447, 1454 (10th Cir. 1993); United States v. Cook, 854 F.2d 371, 372 (10th Cir. 1988). The government bears the burden of proving that its agents' reliance upon the warrant was objectively reasonable. United States v. Corral-Corral, 899 F.2d 927, 932 (10th Cir. 1990); Cook, 854 F.2d at 373. To determine whether an officer relied in good faith on a warrant, the Court must examine the text of the warrant and the affidavit to ascertain whether the agents might have reasonably presumed the warrant to be valid. McKneely, 6 F.3d at 1454; Corral-Corral, 899 F.2d at 932; see also Price, 265 F.3d at 1102 (issue whether affidavit and search warrant were sufficient to merit reasonable reliance by officers).

Defendant has not filed a reply which attempts to dispute the officers' good faith reliance on the search warrant. In evaluating the good faith principle, the Court notes the presumption that when an officer relies upon a warrant, the officer is acting in good faith. McKneely, 6 F.3d at 1454. Though

not absolute, this presumption must carry some weight. Id. In addition, the Court recognizes that the knowledge and understanding of law enforcement officers and their appreciation for constitutional intricacies are not to be judged by the standards applicable to lawyers. United States v. Bishop, 890 F.2d 212, 217 (10th Cir. 1989); United States v. Cardall, 773 F.2d 1128, 1133 (10th Cir. 1985). Good faith is absent only when an officer's reliance was "wholly unwarranted," McKneely, 6 F.3d at 1454, or "entirely unreasonable." Leon, 468 U.S. at 923. Based on the text of the warrant and the supporting affidavit, the officers' reliance on the warrant was objectively reasonable.[4] The Court therefore overrules defendant's motion to suppress on this alternative ground.[5]

**IT IS THEREFORE ORDERED** that Maurice Harris's Motion To Suppress (Doc. #38) filed September 17, 2008 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that on or before **October 30, 2008**, the government shall file the police reports which indicate that officers left a copy of the search warrant at defendant's residence.

---

[4] The Supreme Court has noted that the good faith exception to the exclusionary rule does not apply in four situations: (1) where the magistrate in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role; (3) where a warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where a warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. Leon, 468 U.S. at 923. Defendant does not assert that any of these circumstances are present in this case.

[5] Defendant has not requested an evidentiary hearing and he has not challenged the execution of the warrant. Accordingly, the Court finds that an evidentiary hearing is not necessary to address the good faith exception under Leon. See Franks, 438 U.S. at 171 (to mandate evidentiary hearing, attack must be more than conclusory and include allegations accompanied by offer of proof); United States v. Moore, 39 F.3d 320, 1994 WL 612393, at *1 (5th Cir. Oct. 21, 1994) (hearing on Leon good faith exception not required where defendant did not allege that affiant's statements were deliberately false or made with reckless disregard for truth); United States v. Pierce, No. 00-40036-SAC, 2000 WL 821386, at *7 (D. Kan. May 31, 2000) (hearing on Leon good faith exception not necessary to determine objective reasonableness of officer's reliance on warrant where defendant does not allege specific exception to Leon).

Dated this 27th day of October, 2008, at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>KATHRYN H. VRATIL<br>United States District Judge