IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No. 06-20131-01-KHV |
| | ) | |
| **MAURICE HARRIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On September 14, 2006, a grand jury indicted defendant for possession with intent to distribute 50 grams or more of cocaine base (crack) and using a residence for the purpose of manufacturing, storing and distributing cocaine base (crack). See Indictment (Doc. #1). On February 4, 2009, after a jury trial, the Court sentenced defendant to 324 months in prison. Defendant appealed. This matter is before the Court on defendant's letter (Doc. #87) which the Court received on May 20, 2009, and which the Court construes as a motion for copies of pretrial documents and transcripts. For reasons stated below, the Court overrules defendant's motion.

Initially, the Court overrules defendant's motion because defendant is represented by counsel. See United States v. Sandoval-DeLao, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider pro se motion when defendant represented by counsel); United States v. Castellon, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if criminal defendant represented by counsel, court does not accept pro se filings or allegations); United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation"). In any event, defendant has not shown a particularized need for copies of the documents and transcripts. See Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript,

habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); <u>United States v. Sistrunk</u>, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); <u>Ruark v. Gunter</u>, 958 F .2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); <u>see also</u> <u>United States v. Lewis</u>, 37 F.3d 1510 (Table), 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (same standard as transcripts can be applied to prisoner requests for pretrial records).  Indeed, it appears that defense counsel has already received the transcript of trial and sentencing.  <u>See</u> Doc. ##83, 84.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #87) which the Court received on May 20, 2009, and which the Court construes as a motion for copies of pretrial documents and transcripts, be and hereby is **OVERRULED**.

Dated this 1st day of July, 2009, at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge