# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MAURICE HARRIS, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIMINAL ACTION <br><br> No. 06-20131-01-KHV |

## MEMORANDUM AND ORDER

On September 14, 2006, a grand jury indicted defendant for possession with intent to distribute 50 grams or more of cocaine base (crack) and using a residence for the purpose of manufacturing, storing and distributing cocaine base (crack). See Indictment (Doc. #1). On February 4, 2009, after a jury trial, the Court sentenced defendant to 324 months in prison. Defendant appealed. On September 9, 2009, the Tenth Circuit Court of Appeals affirmed. See Order And Judgment (Doc. #92). This matter is before the Court on defendant's request for transcripts of district court proceedings (Doc. #93) filed November 12, 2009. Defendant states that he needs the transcripts to file his petition for a writ of certiorari and a possible motion under 28 U.S.C. § 2255.

Initially, the Court overrules defendant's motion because defendant is represented by counsel on appeal.[1] See United States v. Sandoval-DeLao, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider pro se motion when defendant represented by counsel); United States v.

___

[1] The appointment of counsel on appeal remains effective through the filing of a petition for certiorari to the Supreme Court, if requested by the client, or until the Tenth Circuit grants a motion to withdraw by counsel. See Criminal Justice Act Plan for the United States Court Of Appeals For The Tenth Circuit, Addendum I to Tenth Circuit Rules Effective January 1, 2009.

Castellon, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if criminal defendant represented by counsel, court does not accept pro se filings or allegations); United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation"). In any event, defendant has not shown that absent the transcripts, he cannot prepare a petition for writ of certiorari or Section 2255 motion. Indeed, the record on appeal apparently includes the transcript of trial and sentencing. See Doc. ##83, 84; Fed. R. App. P. 19(a). Absent a showing of a particularized need, the Court generally does not provide copies of transcripts to indigent prisoners before a petition for writ of certiorari or Section 2255 motion is filed. See Rule 7 of the Rules Governing Section 2255 Proceedings (if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion); 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require); 28 U.S.C. § 753 (fees for transcripts paid by United States if judge certifies that suit or appeal is not frivolous and that transcript is needed to decide issue presented); Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); see also United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) (motion for free transcript under Section 753 not ripe until Section 2255 motion has been filed).

**IT IS THEREFORE ORDERED** that defendant's request for transcripts of district court proceedings (Doc. #93) filed November 12, 2009 be and hereby is **OVERRULED**.

Dated this 24th day of November, 2009, at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>KATHRYN H. VRATIL
>United States District Judge