# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 06-20131-01-KHV |
| ) | |
| MAURICE HARRIS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #98) filed April 19, 2010. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On September 14, 2006, a grand jury indicted defendant for possession with intent to distribute 50 grams or more of cocaine base (crack) and using a residence for the purpose of manufacturing, storing and distributing cocaine base (crack). See Indictment (Doc. #1). On February 4, 2009, after a jury trial, the Court sentenced defendant to 324 months in prison. Defendant appealed, and on September 9, 2009, the Tenth Circuit affirmed the conviction. See Doc. #92. On April 19, 2010, defendant filed the instant motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

## Analysis

Defendant asks the Court to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). In particular, defendant relies on Amendment 706 to the sentencing guidelines on offenses involving crack cocaine. See United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendment 706 (crack cocaine). The Court overrules defendant's motion because Amendment 706

was already incorporated in the Sentencing Guidelines at the time the Court sentenced him. See PSIR ¶ 22 (applying November 1, 2008 edition of Sentencing Guidelines). Accordingly, defendant is not entitled to relief under Amendment 706.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)-(2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. See United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008) (district court cannot re-sentence based on Section 3553(a) factors unless defendant's guideline range has been lowered as required by Section 3582(c)(2)).

**IT IS THEREFORE ORDERED** that defendant's Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #98) filed April 19, 2010, be and hereby is **OVERRULED**.

Dated this 14th day of July, 2010, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge