**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 06-20131-01-KHV** |
| MAURICE HARRIS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's <u>Motion To Order Appellate Counsel To Release Records Files Transcripts Etc.</u> (Doc. #100) filed September 10, 2010.

Defendant seeks copies of (1) all transcripts including arraignment, trial and sentencing and (2) all discovery including police reports and cooperation agreements. Initially, the Court notes that defendant has not shown that absent the information, he cannot prepare a Section 2255 motion. Absent a showing of a particularized need, before a Section 2255 motion is filed, the Court generally does not provide copies of transcripts or other information to indigent prisoners. <u>See</u> Rule 7 of the Rules Governing Section 2255 Proceedings (if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion); 28 U.S.C. § 753 (fees for transcripts paid by United States if judge certifies that suit or appeal is not frivolous and that transcript is needed to decide issue presented); 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require); <u>Brown v. N.M. Dist. Court Clerks</u>, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); <u>United States v. Sistrunk</u>, 992 F.2d 258, 260 (10th Cir. 1993) (under 28

U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); see also United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) (motion for free transcript under Section 753 not ripe until Section 2255 motion has been filed).

Defendant asks the Court to order his counsel to provide transcripts and discovery information. Kansas Rules of Professional Conduct require that an attorney submit "papers and property to which the client is entitled" upon termination of the attorney-client relationship. Kan. R. Prof. Conduct. 1.16(d). To the extent that counsel has paper copies of transcripts or discovery materials that he has not already submitted to defendant, he shall mail such documents (or copies of such documents) to defendant. See United States v. Verdin-Garcia, No. 05-20017-JWL, 2009 WL 1140163, at *1 (D. Kan. Apr. 27, 2009). Counsel is not required to give defendant copies of documents that the government shared with counsel as part of an express agreement that they would not be turned over to defendant. See id.

**IT IS THEREFORE ORDERED** that defendant's Motion To Order Appellate Counsel To Release Records Files Transcripts Etc. (Doc. #100) filed September 10, 2010 be and hereby is **SUSTAINED in part**.

**IT IS FURTHER ORDERED that on or before November 30, 2010, John M. Duma shall mail to defendant any paper copies of transcripts or discovery materials in his possession that he has not already submitted to defendant. Mr. Duma is not required to give defendant copies of documents that the government shared with counsel as part of an express agreement that they would not be turned over to defendant. Mr. Duma shall mail the documents, if any,**

**to defendant at Terre Haute Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 33, Terre Haute, IN 47808. On or before December 1, 2010, Mr. Duma shall file a certificate of compliance with this order.**

**The Clerk is directed to ensure that Mr. Duma receives electronic notice of this order.**

Dated this 16th day of November, 2010, at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge