IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 06-20131-01-KHV** |
| **MAURICE HARRIS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## ORDER

On February 3, 2009, the Court sentenced defendant to 324 months in prison. See Judgment In A Criminal Case (Doc. #75). On February 11, 2015, the Court sustained in part defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) and reduced his sentence from the low end of the original guideline range to 262 months (the low end of the amended guideline range). See Order (Doc. #112). To the extent defendant sought a further reduction, the Court overruled his request. This matter is before the Court on defendant's Motion For Modification Or Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) Guidelines Amendment No. 750 (Doc. #114) filed April 10, 2015.

Defendant argues that in reducing his sentencing under Amendment 782, the Court did not consider Amendment 750, which reduced the crack cocaine/powder cocaine ratio to 18:1 in the Sentencing Guidelines. In calculating defendant's amended guideline range, the Court applied the November 1, 2014 version of the Guidelines Manual, which incorporates prior amendments including Amendment 750.[1] In applying the current version of the Guidelines Manual, the Court reduced

---

[1] Effective November 1, 2010, for a base offense level 36, Amendment 750 raised the threshold quantity of cocaine base from 1.5 kilograms to 2.8 kilograms. Amendment 750 did not impact defendant's base offense level because the Court attributed 3.56 kilograms of cocaine base to him. See Presentence Investigation Report ¶ 24 (Jan. 23, 2009); U.S. Sentencing Guidelines Manual,
(continued...)

defendant's base offense level from 36 to 34 and sentenced defendant at the low end of the applicable range. Unless defendant's original sentencing range was lowered pursuant to a government motion to reflect substantial assistance to authorities, the Court may not impose a reduced sentence below the low end of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A); see 18 U.S.C. § 3582(c)(2) (reduction must be consistent with applicable policy statements issued by Sentencing Commission); see also U.S.S.G. § 1B1.10(a)(3) (proceedings under Section 3582(c)(2) and policy statement do not constitute full resentencing). Accordingly, defendant is not entitled to relief.

**IT IS THEREFORE ORDERED** that defendant's Motion For Modification Or Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) Guidelines Amendment No. 750 (Doc. #114) filed April 10, 2015 be and hereby is **OVERRULED**.

Dated this 27th day of April, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1](...continued)
App. C, Volume III (2011) at 394 (Amendment 750 does not lower offense level for offenses involving at least 2.8 kilograms but less than 4.5 kilograms of crack cocaine).